ASM Capital, L.P.
22 Jennings Lane
Woodbury, NY 11797
Telephone: (516) 364-0300
Facsimile: (516) 682-5024



FILED
JUL 28 2003
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**United States Bankruptcy Court**
**Central District of California (Riverside)**

| | |
|---|---|
| In re: | )<br>)<br>) |
| Consolidated Freightways Corporation | )  Chapter 11<br>)  Case No. 02-24284<br>)  Claim No. |
| Debtor | )<br>) |

NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP 3001E (2)

To Transferor:   WIESE PLANNING & ENGINEERING
                 BOX 60106
                 ST LOUIS, MO 63160

Your entire claim as shown in the amount of **$8,975.01** has been transferred to:

ASM Capital, L.P.
22 Jennings Lane
Woodbury, NY 11797

Dated:   July 22, 2003

_____
Adam Moskowitz
ASM Capital, L.P.
516-364-0300

1923

## ASSIGNMENT AGREEMENT

WIESE PLANNING & ENGINEERING having a mailing address at BOX 60106, ST LOUIS, MO 63160 ("Assignor"), in consideration of the sum of $_____ (the "Purchase Price"), does hereby transfer to ASM Capital, L.P. ("Assignee") having an address at 22 Jennings Lane, Woodbury, NY 11797 all of Assignor's right, title and interest in and to the claim or claims (the "Claim") of Assignor, as more specifically set forth against Consolidated Freightways Corporation ("Debtor"), Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Central District of California (Riverside) (the "Court"), Case No. 02-24284 in the currently outstanding amount of not less than $8,975.01 and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim identified below and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below. This assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that (Please Check One):

(✓) A Proof of Claim in the amount of $ 8975.01 HAS been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

( ) A Proof of Claim HAS NOT been filed in the proceedings.

Assignor further represents and warrants that the amount of the Claim is not less than $8,975.01 that the Claim in that amount is valid and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor further represents and warrants that it is duly authorized and empowered to execute and perform this agreement; that the Assignor is not an "Insider" with respect to the Debtor as that term is defined in Section 101(31) of the Bankruptcy Code and Assignor is not a member of any official or unofficial committee in the Proceedings.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim ("Recovery") and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Upon the request of the Assignee, Assignor agrees to make to Assignee immediate proportional restitution or repayment of the above Purchase Price to the extent that the Claim is: I) avoided, disallowed, expunged, reduced or subordinated for any reason whatsoever in whole or in part, ii) any objection relating to or affecting all or any part of the Claim is asserted by the Debtor, the Court or any other person and such objection is not withdrawn or otherwise resolved to the satisfaction of the Assignee within 90 days after the date of confirmation of a plan of reorganization in the Proceedings or such later period as Assignee may in its sole discretion agree. In either case restitution shall be unconditional and shall be made together with interest at the rate of ten percent (10%) per-annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs, and expenses, including reasonable legal fees and costs, incurred by assignee as a result of any such disallowance, reduction, subordination or objection. **This paragraph pertains only to the validity of the Claim as described in paragraph 3, not the Recovery as defined in paragraph 4.**

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature

and that Assignee may exercise or decline to exercise such powers at Assignee's sole option and Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representation and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York. Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

**CONSENT AND WAIVER**

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor have duly executed this Assignment by their duly authorized representatives on the 22 day of July 2003.

ASSIGNOR:    WIESE PLANNING & ENGINEERING

Signature: _____
Print Name: Elaine Fry
Title: Credit Manager
Telephone: (314) 810-0112
Fax: (314) 997-4112

IN WITNESS WHEREOF, the undersigned on behalf of each Assignee have duly executed this Assignment by their duly authorized representatives on the 22 day of July 2003.

ASSIGNEE:    ASM Capital, L.P.

Signature: _____
Print Name: Adam S. Moskowitz
Title: Managing Member of General Partner
Telephone: (516) 364-0300
Fax: (516) 682-5024